**S.I.R.P.R.**

**FILED - GR**
June 30, 2023 2:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: JM   / 8-30

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**1:23-cv-717**
**Paul L. Maloney**
**United States District Judge**

ERIC J. WHITEHEAD SR.
    Plaintiff,

       Vs.

                            Civil Action No.

PLASCORE, INC.
    Defendants,                      Hon.

Eric J. Whitehead Sr.
    Plaintiff
928 Garfield NW St.
Grand Rapids,MI.49504
(616) 514-0780

## COMPLAINT

The Plaintiff, Eric J. Whitehead Sr. (" Plaintiff or Mr. Whitehead ") for the Complaint against the Defendants, Plascore, Inc. (" Defendant " ) states

1

NATURE OF THE ACTION

This is an action arises out of the Defendant's misconduct and violations of Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C.  2000e et seq. ( "Title VII " ). and the Michigan Elliott-Larson Civil Rights Act, Act, MCL 37.2101 est seq. ( " ELCRA "or" Elliot Larsen ")The Plaintiff Alleges that Defendant's Plascore,Inc.; subjected Whitehead Sr. to unlawful harassment, discrimination and retaliation based on Whitehead Sr. race, to the Defendant's and state and federal agencies.

PARTIES

1.Defendant's Placore, Inc. with its corporate headquarters located 615 N. Fairview Rd., in the County of Ottawa, City of Zeeland, State of Michigan.

2. Placore, Inc conducts business globally and reported annual sales of $ 52.5 per year.

3. At all times relevant to the Plaintiff's Complaint,Placore,Inc. Had 15 or more employees for each working day in each of twenty or more calendar weeks and was engaged in an industry affecting commerce.

4. The Plaintiff, Eric J. Whitehead Sr. (" Plaintiff" or Mr. Whitehead" ), is an African American man who resides in Kent County,Michigan.

5. Mr. Whitehead was employed by Placore, Inc. in Zeeland,MI beginning of November of 2019 and on March 23,2021 Plaintiff constructively discharged.

2

## JURISDICTION  AND VENUE

6.Plaintiff restates and incorporates herein the allegations contained in the paragraphs above.

7.Some or all of the unlawful employment and racial practices alleged in the Plaintiff's Complaint were committed in Ottawa County,Michigan.

8.On information and belief, the employment records relevant to the unlawful employment practice alleged in the Plaintiff's Complaint are maintained and administered in Ottawa County, Michigan.

9. The Plaintiff's claims in this action are brought under the laws of the United States,being 42 U.S.C. 2000et seq. ( Title VII" ), and the laws of the State of Michigan,being the Elliot Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA").

10.Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. 2000e-5 (f)(3)  for Plaintiff's claims under Title VII.

11.The Court has original subject matter jurisdiction over the Plaintiff's claims arising under Title VII pursuant to 28 U.S.C.  1331 and 1343.

12.The Plaintiff's claims under the ELCRA are so related to Plaintiff's claims under Title VII that that they form part of the same or controversy. Therefore this Court has supplement jurisdiction over the Plaintiff's ELCRA claims pursuant to 28 U.S.C. 1367.

13.Venue is proper in this Court pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e-5(f)(3).

3

## COMMON ALLEGATIONS

14. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above.

15. Mr.Whitehead Sr. began working for the Defendant's on  as a CMC Operator.

16. On or around February of 2021 the Defendant's had a 2nd Shift Supervisor position open up.

17. The Plaintiff expressed interest and applied;because he was qualified.

18. The Plaintiff was advised by his other managers that he possessed the qualifications for the position.

19. The Plaintiff also received a notice from the Human Resource Department to submit a Job Bid Form.

20. The Plaintiff; Manager stated that the Plaintiff does not need to fill out a Job Bid Form.

21. The Plaintiff questioned the Manager as to why there are no African Americans in any position of management and received no response.

22. The Plaintiff Manager advised Plaintiff that because he had not supervised 30 or more individuals or in the past that he did not qualify.Which was not a requirement by the job posting.

23. Around March 2021, the Human Resource Department again advised Plaintiff to fill out the Job Bid Form.

24. The Plaintiff complied and turned the Job Bid Form in to Hiring Managers and then Plaintiff was continually called into several meetings by his Managers, stating why Plaintiff was not quality, they have the choice to hire who they want. They can pick who they want whether or not they have all the qualifications.

25. May 2020 when the Black Lives Matter protester marched; the Manager had a meeting and stated I do not want anyone bringing that crap up in here. And the Plaintiff was the only African American in the meeting. Later the Manager asked the Plaintiff did I offend you and Plaintiff stated yes.

26. The Plaintiff was denied an interview and promotion and The Defendants hired a Caucasian male.

4

27. On March 23,2021 a co-worker told Plaintiff he was working with the new Supervisor training him on the jobs that he was going to be over. Which were the same jobs the Plaintiff knew already.

28. On March 23,2021 was the Plaintiff last day of working at Plascore,Inc. The Plaintiff was constructively discharged. The Plaintiff had to look out for his health and mistreatment which the Defendant's caused. And two of the three Supervisors Joe Forrest and Phil Whitemore with Plascore, Inc. had told the Plaintiff that they had never been supervisor of 30+ employees and do not have a College degree but was hired to supervise by the Defendant's.

## COUNT - 1 RACIAL HARASSMENT

29. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above.

30. The racial harassment engaged in by the Defendant Mr. Whitehead Sr. white and hispanic, asian co-workers and managers described above created a hostile, intimidating, and offensive neighborhood Environment to him,and it caused his emotional distress.

31. Defendant did not take prompt and appropriate remedial measures to stop the harassment after being notified of it, and it continued.

32. As a result of the harassment set forth above, Mr.Whitehead Sr. suffered and will continue to suffer the damages set forth above.

33. This claim is actionable under 42 U.S.C. 1981, 42 U.S.C. 1981a and the Elliott-Larson Civil Rights Act,MCL 37.2101 et seq.  ("ELCRA").

WHEREFORE, Plaintiff requests a judgement against Defendant for all of the damages he suffered and will suffered and will suffer in the future because of the violations set forth above, punitive damages, costs, interest, under 42 U.S.C. 1988 and under state law, and any other relief this Court deems fair and just. Plaintiff settlement demand of $900,000

## COURT 2 - RACE DISCRIMINATION

34. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above.

35. Defendant discrimination Mr. Whitehead Sr. employment at least in part because he is African-American.

36. The reason Defendant gave Mr.Whitehead Sr. for not given promotion was pretextual.

37. The Defendant had no legitimate reason to discriminate against Mr. Whitehead Sr. .

38. As a result of the discrimination set forth above, Mr. Whitehead Sr. has suffered and will continue to suffer the damages set forth above.

39. This claim is actionable under 42 U.S.C. 1981; 42 U.S.C. 1981a, and the Elliott - Larsen Civil Rights Act, MCL 37. 2101 et. seq.

6

WHEREFORE, PLAINTIFF requests a judgement against Defendant for all of the damages he suffered and will suffered and will suffer in the future because of the violations set forth above, punitive damages,cost, interest, under 42 U.S.C. 1988 and under state law, and any other relief this court deems fair and just. Plaintiff settlement demand of $900,000 for damages.


## COUNT 3 - RETALIATION

40. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above.

41. Defendant retaliated against Mr.Whitehead Sr. because he asked why there are not any African American in any position of management ; which is unlawful retaliation. Discrimination and what be believed was racial harassment.

42. As a result of the retaliatory set forth above, Mr.Whitehead Sr. has suffered and will continue to suffer the damages set forth above.

43. This claim is actionable under The Civil Rights Act of 1964 and the anti-retaliatory section of the Civil Rights Act of 1964.


WHEREFORE, PLAINTIFF requests a judgement against Defendant for all of the damages he suffered and will suffered and will suffer in the future because of the violations set forth above, punitive damages,cost, interest, under 42 U.S.C. 1988 and under state law, and any other relief this court deems fair and just. Plaintiff settlement demand of $900,000 for damages.

7

JURY DEMAND

The Plaintiff hereby demands trial by jury on all issues triable as such in accordance with Fed. R. Civ. P. 38

Respectfully submitted,
Eric J. Whitehead Sr.

Dated:

Plaintiff
Eric J. Whitehead Sr.
928 Garfield NW St.
Grand Rapids, MI 49504
(616) 514-0780
whitehead6164@gmail.com

8